**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Chandler; Sally Dell; Susan Hulbert; and Steven Kemper;<br><br>Plaintiffs,<br><br>vs.<br><br>Tonto Basin Marketplace L.L.C., an Arizona limited liability company; Robert Powers and Jane Doe Powers, husband and wife; Eugene Shapiro and Jane Doe Shapiro, husband and wife | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiffs for their Complaint against Defendants, allege as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court have jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiffs were residents of Gila County, Arizona.

10. At all times material hereto, Tonto Basin Marketplace L.L.C was incorporated in the State of Arizona, and have its principal place of business in Arizona at 45994 AZ-188, Tonto Basin, Arizona 85553.

11. Upon information and belief, at all times material hereto, Defendant Robert Powers, was and continues to be a resident of Maricopa County, Arizona.

12. Jane Doe Powers is Robert Powers' wife. Robert and Jane Doe Powers have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

13. Upon information and belief, at all times material hereto, Defendant Eugene Shapiro, was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Shapiro is Eugene Shapiro's wife. Eugene and Jane Doe Shapiro have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Robert Powers and Eugene Shapiro were and are the owners of Tonto Basin Marketplace L.L.C.

16. At all relevant times, Plaintiffs was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

17. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

18. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

19. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

20. Defendants Robert Powers and Eugene Shapiro are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Tonto Basin Marketplace LLC.

21. All Defendants are co-equally liable for all matters.

22. Defendants Robert Powers and Eugene Shapiro made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over Tonto Basin Marketplace L.L.C. as is therefore individually liable under the FLSA.

23. Defendants Robert Powers and Eugene Shapiro have the power to close Tonto Basin Marketplace L.L.C.

24. Defendants Robert Powers and Eugene Shapiro have the power to hire and fire employees.

25. Defendants Robert Powers and Eugene Shapiro hired managerial employees.

26. On information and belief, Defendants Robert Powers and Eugene Shapiro maintained employment records.

27. On information and belief, Defendants Robert Powers and Eugene Shapiro dictated the corporate message in pending labor investigations.

28. Defendants Robert Powers and Eugene Shapiro profited from the FLSA violations detailed in this complaint.

29. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

30. Plaintiffs engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

31. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

32. Tonto Basin Marketplace L.L.C. operates a full service grocery store and gas station in Tonto Basin, Arizona.

33. Tonto Basin Marketplace LLC sell grocery, delicatessen, meat, produce, frozen foods, liquor, movie rentals, greeting cards, fishing tackle, canning supplies, automotive, hardware, sporting goods, and boating supplies.

34. Tonto Basin Marketplace L.L.C. hired Plaintiff Chandler in October of 2014 to work in Defendants' delicatessen and in February 2015 got transferred to Defendants' meat department.

35. Plaintiff Chandler's responsibilities included butchering, packaging, and ordering meat for Defendants' clientele.

36. Beginning in February of 2015, Plaintiff Chandler was paid a weekly salary of $400.

37. Tonto Basin Marketplace L.L.C. hired Plaintiff Dell in January of 2015 as a delicatessen attendant, they was named an "assistant manager."

38. Plaintiff Dell did not perform managerial duties.

39. Plaintiff Dell worked in the deli section of the store preparing food for clientele of the Defendants.

40. Beginning in March of 2015, Plaintiff Dell was paid a weekly salary of $400.

41. Tonto Basin Marketplace L.L.C. hired Plaintiff Hulbert in February of 2014 as a delicatessen attendant, they was named a "manager."

42. Plaintiff Hulbert did not perform managerial duties.

43. Plaintiff Hulbert worked in the deli section of the store preparing food for clientele of the Defendants.

44. Plaintiff Hulbert was paid a weekly salary of $450.

45. Tonto Basin Marketplace L.L.C. hired Plaintiff Kemper in September of 2013 as a delicatessen attendant, he was named a "manager."

46. Plaintiff Kemper did not perform managerial duties.

47. Plaintiff Kemper worked in the deli section of the store preparing food for clientele of the Defendants.

48. Plaintiff Kempert was paid a weekly salary of $450.

49. To avoid having to pay Plaintiffs overtime, Tonto Basin Marketplace L.L.C. would compensate each Plaintiff on a bi-weekly salary.

50. Plaintiffs were non-exempt employees. They should have been paid an hourly rate, not salary.

51. Plaintiffs had no real supervision or management responsibilities.

52. Plaintiffs could neither hire nor fire employees.

53. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out their job responsibilities.

54. Defendants managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

55. Plaintiffs' primary duties were not the performance of work directly related to the management or general business operations of Tonto Basin Marketplace or its' customers.

56. Plaintiffs' primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

57. Plaintiffs did not perform work requiring advanced knowledge.

58. Plaintiffs' primary duties were not managing Defendant's enterprise or managing a department of subdivision of Defendant's enterprise.

59. Defendants' had a policy that required each full time employee to work at least 45 hours per week.

60. Each and every week that Plaintiffs worked their regular schedule, they worked over forty hours in a week.

61. While Plaintiffs were required to work a minimum of 45 hours per week, they regularly and consistently worked upwards of fifty to sixty hours each week.

62. By improperly classifying Plaintiffs as exempt employees, Defendants are depriving Plaintiffs upwards of overtime pay each and every week.

63. Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm to prosecute their claims against Defendants on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

64. Plaintiffs incorporate and adopt paragraphs 1 through 63 above as if fully set forth herein.

65. While employed by Defendants, Plaintiffs regularly worked multiple hours of overtime per week.

66. Plaintiffs were non-exempt employees.

67. Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

68. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

69. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

70. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

71. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

72. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

73. Defendants have not made a good faith effort to comply with the FLSA. Plaintiffs have been required to bring this action to recover their overtime compensation, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs overtime compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate

equal to one and one-half times Plaintiffs' regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

### COUNT TWO
### DECLARATORY JUDGMENT

74. Plaintiffs incorporate and adopt paragraphs 1 through 73 above as if fully set forth herein.

75. Plaintiffs and Defendants have an overtime compensation dispute pending.

76. The Court have jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

77. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiffs.

   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

   c. Plaintiffs individually are covered by the overtime provisions of the FLSA.

   d. Plaintiffs are not exempt employees pursuant to the FLSA.

   e. Defendants failed and refused to make payments of overtime compensation to Plaintiffs, in violation of the provisions of the FLSA.

   f. Defendants' failures to pay overtime compensation to Plaintiffs were willful.

   g. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rate of pay.

   h. Plaintiffs are entitled to an equal amount as liquidated damages.

   i. Plaintiffs are entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting their claim.

78. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

79. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

   a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

   b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

   c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiffs and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 1, 2015

                          Respectfully submitted,

                          **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

                          By: /s/ Trey Dayes
                                Trey Dayes
                                Attorney for Plaintiffs